GOULD, Circuit Judge,
concurring in part, and dissenting in part:
I concur in paragraphs 1 and 2 of the memorandum disposition but dissent from the majority’s conclusion in paragraphs 3 and 4 of the memorandum disposition that the district court did not abuse its discretion in not severing the unconscionable provisions of the arbitration agreement. I would reverse the district court on this issue, requiring severance and leaving the arbitration agreement in place.
A district court abuses its discretion when it erroneously interprets a law, United States v. Beltran-Gutierrez, 19 F.3d 1287, 1289 (9th Cir.1994), or when it rests its decision on an inaccurate view of the law, Richard S. v. Dep’t of Dev. Servs., 317 F.3d 1080, 1085-86 (9th Cir.2003). In determining whether to sever the unconscionable provisions of the arbitration agreement, the district court relied on a California state court decision holding that “multiple unlawful provisions” allow a trial court to conclude that “the arbitration agreement is permeated by an unlawful purpose.” Armendariz v. Found. Health Psychcare Servs., Inc., 24 Cal.4th 83, 99 Cal.Rptr.2d 745, 6 P.3d 669, 697 (2000).
But Armendariz was decided more than a decade before the Supreme Court’s decision AT&T Mobility LLC v. Concepcion, - U.S. -, 131 S.Ct. 1740, 1747, 179 L.Ed.2d 742 (2011). The United States Supreme Court has vindicated a liberal federal policy favoring arbitration. The reasoning in Armendariz that multiple unconscionable provisions will render an arbitration agreement’s purpose unlawful has “a disproportionate impact on arbitration agreements” and should have been preempted by the Federal Arbitration Act (“FAA”). Concepcion, 131 S.Ct. at 1747.
In my view, Concepcion and its progeny should create a presumption in favor of *465 severance when an arbitration agreement contains a relatively small number of unconscionable provisions that can be meaningfully severed and after severing the unconscionable provisions, the arbitration agreement can still be enforced. Id.; see also Moses H. Cone Mem’l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (holding that “questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration”). Here, if all the unconscionable provisions of the arbitration agreement, as determined by the district court and affirmed by this panel, were severed (as shown by the strikeouts in the paragraph below), the remainder of the arbitration agreement can still be enforced, and the district court need not “assume the role of contract author,” Ingle, 328 F.3d at 1180:
Mandatory Arbitration. The parties agree to meet and confer in good faith to resolve any problems or disputes that may arise under this Agreement. Such negotiation shall be a condition precedent to the filing of any arbitration demand by either party. The parties agree that any controversy or claim arising out of or relating to this Agreement (and any previous agreement between the parties if this Agreement supersedes such prior agreement) or breach thereof, whether involving a claim in tort, contract or otherwise, shall be settled by final and binding arbitration in accordance with the provisions of the American Arbitration Association. The parties waive their right to a jury or court trial. The arbitration shall be conducted in San Francisco, California. A single, neutral arbitrator who is licensed to practice law shall conduct the arbitration. The complaining party serving a written demand for arbitration upon the other party initiates these arbitration proceedings. The written demand shall contain a detailed statement of the matter and facts supporting the demand and include copies of all related documents. [MHN shall provide- Provid&p-wifh-a-list of-three neutral arbitrators from which Provider-shall select its choice of arbitrator for ■ the arbitration.] Each party shall have the right to take the deposition of one individual and any expert witness designated by another party. At least thirty (30) days before the arbitration, the parties must exchange lists of witnesses, including any experts (one each for MHN and Provider), and copies of all exhibits to be used at the arbitration. [Arbitration.must be initiated within 6 months after-the-alleged controversy or claim occurred by submitting a written demand to the other-party: — The failure to initiate arbitration within that period constitutes an absolute-bar-to-the institution-of — any-proceedings.] Judgment upon the award rendered by the arbitrator may be entered in any court having competent jurisdiction. The decision of the arbitrator shall be final and binding. The arbitrator shall have no authority to make material errors of law [or-to award punitive-damages] or to add to, modify or refuse to enforce any agreements between the parties. The arbitrator shall make findings of fact and conclusions of law and shall have no authority to make any award that could not have been made by a court of law. [The prevailing-party, or substantially prevailing — par-ty-s--costs of arbitration, are to be borne by — the -other-party,■ meiuding-i-easonable ■ attorney’s fees.][1]
*466 The district court’s decision not to sever the unconscionable provisions of the arbitration agreement relying on Armendariz is in my view based on an erroneous interpretation and an inaccurate view of Concepcion and the FAA. Beltran-Gutierrez, 19 F.3d at 1289; Richard S., 317 F.3d at 1085-86. Accordingly, in my view the district court’s decision not to sever the unconscionable provisions of the arbitration agreement should have been reversed, preserving to the parties their basic agreement to arbitrate disputes, and furthering the policies of the FAA as implemented in Concepcion. I respectfully dissent in part as to the disposition’s affirmance of the district court on the severance issue.

. Although for purpose of illustrating severance, all unconscionable provisions of the arbitration agreement, as found by the district court and affirmed by this panel, were severed, some of these provisions are arguably not unconscionable and apparently entered *466 into in good faith, such as the six-month limitations period and the punitive damages waiver provisions. The provisions to be severed constitute a relatively small portion of the arbitration agreement and should not be used to eliminate the parties’ ability to arbitrate their disputes. I recognize that one can imagine an arbitration agreement where the number and content of unconscionable provisions are so pervasive that they rebut the presumption in favor of severance. If that were so, it would then be within a district court’s discretion not to sever the unconscionable provisions and not to enforce the arbitration agreement. But I do not view the challenged provisions here as being sufficient to rebut a presumption in favor of severance that I urge should arise under Concepcion on the facts here.